**Vahik GHARIBKHANYAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73155.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 28, 2008.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Vahik Gharibkhanyan, a native of Iran and citizen of Armenia, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Sidhu v. INS*, 220 F.3d 1085, 1088 (9th Cir. 2000), we dismiss in part, and deny in part the petition for review.

■ We lack jurisdiction to review the IJ's determination that Gharibkhanyan's asylum application was untimely because that finding is based on disputed facts. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir.2007) (per curiam). Accordingly, we dismiss the asylum claim.

■ Substantial evidence supports the adverse credibility determination, because the IJ properly relied on discrepancies in Gharibkhanyan's testimony and other documentary evidence concerning the place and date of his arrival in the United States. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (affirming negative credibility finding based on, inter alia, discrepancies regarding petitioner's identity and date of entry). In the absence of credible testimony, Gharibkhanyan failed to provide corroborating evidence in support of his claim of persecution, and we are not compelled to conclude that corroborating evidence was unavailable. *See* 8 U.S.C. § 1252(b)(4); *see also Sidhu*, 220

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d at 1090. Thus, Gharibkhanyan failed to establish eligibility for withholding of removal. *See Farah,* 348 F.3d at 1156.

 Gharibkhanyan also failed to show that he qualifies for CAT relief because he presented no evidence beyond his discredited testimony demonstrating it is more likely than not that he will be tortured if removed to Armenia. *See id.* at 1157.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.